## DOUCETTE v. EASTERN STATES TRANSP. CO., Inc.

No. 241.

District Court, D. Massachusetts.
Sept. 25, 1939.

brakes referred to in the preceding interrogatories."

The decision on the preceding interrogatory controls the decision on this interrogatory, and accordingly need not be answered.

"25. State in detail what if anything was done by the operator of the defendant's truck in the attempt to avoid the alleged accident?"

This need not be answered, inasmuch as it asks for a conclusion and opinion and not a fact.

"27. Please state in detail the commission or omission of any act or acts on the part of the plaintiff which in any way contributed to the alleged accident as alleged in the defendant's answer to the plaintiff's declaration."

No answer is required to this interrogatory. It calls for a conclusion and opinion.

The plaintiff filed objection to interrogatory No. 26 filed by the defendant, which reads as follows: "Please state fully and in detail what act or acts the defendant did or failed to do which caused you injury."

This need not be answered, inasmuch as it calls for an expression of opinion and conclusion.

A. L. Kaplan and James Hoy, both of Boston, Mass., for plaintiff.

John J. Mulcahy and Samuel P. Sears, both of Boston, Mass., for defendant.

FORD, District Judge.

This is an action for personal injuries based upon the alleged negligence of the defendant company, its agents or servants, in the operation of a motor vehicle on the highway. The defendant objects to the following interrogatories filed by the plaintiff: "6. State when the brakes on the said motor vehicle were last inspected before the alleged accident."

I cannot see how it is material when the brakes of the automobile were examined in this action for negligent operation. The issue involved is the operation of the car at the time of the accident. No answer is required.

"7. State the name and address of the person or firm that inspected the said